IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE APPLICATION OF DANIEL SNYDER for an Order Directing Discovery from Verizon Communications, Inc. Pursuant to 28 U.S.C. § 1782 | Case No. 21-cv-00819 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO INTERVENE AND TRANSFER**

Of Counsel:

William J. Murphy*
John J. Connolly*
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(410) 659-0436 (fax)
wmurphy@zuckerman.com
jconnolly@zuckerman.com

*Attorneys for Movants/Proposed Intervenors Moag & Company, LLC, and John A. Moag, Jr.*

*Not admitted in New Jersey

GREENBERG TRAURIG, LLP

By:  /s/ Roger B. Kaplan
     ------------------------

Roger B. Kaplan (No. 027461982)
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7957
Fax: (973) 295-1257
KaplanR@gtlaw.com
        -and-
Joe R. Reeder*
Stephen T. Fowler*
GREENBERG TRAURIG, LLP
2101 L Street N.W.
Washington, DC 20037
(202) 331-3100
reederj@gtlaw.com
fowlerst@gtlaw.com

*Attorneys for Movants/Proposed Intervenors Moag & Company, LLC, and John A. Moag, Jr.*

*Not admitted in New Jersey

Date: January 19, 2021

1

# **TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………..….……..1

MATERIAL FACTS……………………………………………………………………….....……1

ARGUMENT……………………………………………………………………………….........3

    A.   Movants are entitled to intervene to protect their interests ……………..……………3

        1.   Movants have a right to intervene under Rule 24(a) ………………..…………….3

        2.   The Court has discretion to grant intervention under Rule 24(b)(1)……………...6

    B.  The Court should transfer this action to the District of Maryland
        pursuant to 28 U.S.C. §1404 ……………………………………………………………..6

CONCLUSION…………………………………………………………………………………8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Accent Delight Int'l Ltd.*,
    869 F.3d 121 (2d Cir. 2017)..................................................................................................5

*American Tel. & Tel. Co.* v. *MCI Comm'ns Corp.*,
    736 F. Supp. 1294 (D.N.J. 1990) ..........................................................................................7

*In re Application of Daniel Snyder*,
    Case No. 20-cv-02705-ELH ..................................................................................................1

*In re Application of Sabag*,
    2020 WL 3893970 (S.D. Ind. July 10, 2020)........................................................................6

*In re da Costa Pinta*,
    2018 WL 6620905 (S.D. Fla. Aug. 27, 2018).......................................................................4

*Donald J. Trump for President, Inc.* v. *Murphy*,
    2020 WL 6573382 (D.N.J. Sep. 23, 2020) ...........................................................................3

*In re Facebook, Inc.*,
    923 F. Supp. 2d 1204 (N.D. Cal. 2012) ................................................................................5

*Glock* v. *Glock, Inc.*,
    797 F.3d 1002 (11th Cir. 2015) ............................................................................................4

*Intel Corp.* v. *Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)..............................................................................................................5

*Jolly* v. *Purdue Pharma L.P.*,
    2005 WL 2439197 (S.D. Cal. Sept. 28, 2005) ......................................................................7

*Jumara* v. *State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)....................................................................................................6

*In re Mesa Power Group, LLC*,
    2012 WL 6060941 (D.N.J. Nov. 12, 2012) ..........................................................................5

*NLRB* v. *Frazier*,
    144 F.R.D. 650 (D.N.J. 1992)...............................................................................................3

*PPG Indus., Inc.* v. *Jiangsu Tie Mao Glass Co.*,
    273 F. Supp. 3d 558 (W.D. Pa. 2017)...................................................................................5

*In re Subpoena Duces Tecum to AOL, LLC*,
  550 F. Supp. 2d 606 (E.D. Va. 2008) ....................................................................................5

*Suzlon Energy Ltd.* v. *Microsoft Corp.*,
  671 F.3d 726 (9th Cir. 2011) ................................................................................................5

*Todd Shipyards Corp.* v. *Cunard Line Ltd.*,
  708 F. Supp. 1440 (D.N.J. 1989) ..........................................................................................7

*Unico Indus. Corp.* v. *S.S. Andros City*,
  323 F. Supp. 896 (S.D.N.Y. 1971) .......................................................................................6

*Viacom Int'l Inc.* v. *Youtube, Inc.*,
  253 F.R.D. 256 (S.D.N.Y. 2008) .........................................................................................5

**Statutes**

Stored Communications Act,
  18 U.S.C. §§ 2701-12 ..........................................................................................................4
  18 U.S.C. § 2702...................................................................................................................5

28 U.S.C. § 1404..........................................................................................................................6

28 U.S.C. § 1404(a) .....................................................................................................................6

28 U.S.C. § 1782.................................................................................................................. *passim*

Federal Rules of Civil Procedure
  Rule 24 ..................................................................................................................................6
  Rule 24(a)..............................................................................................................................3
  Rule 24(b) .............................................................................................................................6
  Rule 24(b)(1).........................................................................................................................5
  Rule 72(a)......................................................................................................................1,2,3,4

## INTRODUCTION

Petitioner Daniel Snyder, a Maryland resident, seeks leave to obtain electronic records and communications of Movants Moag & Company, LLC and John A. Moag Jr., respectively a Maryland entity and a Maryland resident. Petitioner asks this Court, *ex parte*, for leave to serve a subpoena on Verizon Communications Inc., which Petitioner wrongly alleges is Movants' telephone carrier, even though the records sought are currently the subject of litigation between Petitioner and Movants in the U.S. District Court for the District of Maryland. *See In re Application of Daniel Snyder*, Case No. 20-cv-02705-ELH (the "Maryland action"). The Petition in this matter discloses the Maryland litigation, but not the fact that the records sought in this proceeding are currently the subject of Rule 72(a) objections to a magistrate judge's order now pending before the District of Maryland. Because (i) Movants are the real respondents in interest to the Petition; (ii) this action could have been filed in the District of Maryland; and (iii) the convenience of the parties and witnesses and the interests of justice warrant transfer of this matter to the District of Maryland, the Court should grant this motion to intervene and transfer.

## MATERIAL FACTS

Petitioner Daniel Snyder is the principal owner of the entity that owns the Washington Football Team (WFT) (f/k/a Washington Redskins) and is a resident of Maryland. ECF 1, at ¶ 14. Movant Moag & Company LLC (Moag & Company) is a four-employee Maryland company that represents buyers and sellers of professional sports teams. Ex. 1-018, at ¶ 1[1] (Declaration of John Andrew Moag, Jr., attached to Moag & Company's Rule 72(a) Objections). Movant John A. Moag Jr. is Moag & Company's principal. Moag & Company has a contractual relationship with three

---

[1] For ease of reference, Movants have added Bates numbers in the lower right corner of the pages to Exhibit 1, which is the complete package of Rule 72(a) objections filed in the District of Maryland. Petitioner Snyder's Opposition to the Rule 72 Objections as publicly filed (redacted) is attached as Exhibit 2 for completeness.

minority shareholders of WFT in their efforts to sell their minority interests in the team. Those efforts have bogged down in litigation between Mr. Snyder and the minority shareholders now pending in arbitration and in a civil action in the District of Maryland. *See Rothman v. Snyder*, Dist. Md. Case No. 8:20-cv-03290-PJM. (Movants are not parties to the *Rothman* litigation.)

Mr. Snyder and his team have been besieged by negative press coverage over the past one or two years. *See* Ex. 1, at 1-025 to 1-026. Some of the coverage involves allegations of sexual misconduct during team activities. One of the negative stories appeared in an online publication in India, which re-published reports that Mr. Snyder may have been involved in sex trafficking and that he was affiliated with "sexual predator Jeffrey Epstein." ECF 1, at ¶ 23. In August 2020, Mr. Snyder filed a defamation action in India against the persons and entities that allegedly published the sexual-misconduct allegations. ECF 1, at ¶ 1. He then filed a series of petitions (at least nine at last count) in federal courts under 28 U.S.C. § 1782. The petitions purport to seek discovery relevant to Mr. Snyder's defamation action in India, and to uncover a U.S.-based source of the stories published in India. Several respondents to those § 1782 actions, including Moag & Company, have asserted that Mr. Snyder is abusing the discovery process.

In the proceedings on Mr. Snyder's Maryland petition seeking records from Moag & Company, Mr. Moag repeatedly represented to Petitioner, both informally and under oath, that he knew nothing about the allegations in India; that he believed those allegations to be false; that he would be foolish to leak false stories about Mr. Snyder while he was trying to close a deal with prospective WFT minority owners who would need to work with Mr. Snyder; and that he was not a source of any of the stories at issue in his § 1782 petition. *See* Ex. 1, at 1-019 ¶ 5, 1-027, at ¶ 17, 1-028 at ¶ 20. Petitioner was not satisfied, and counsel for the parties discussed how to narrow the subpoenas within reasonable limits. Moag & Company produced certain materials in response to

2

the subpoena served on him. *See id.* at 1-023 to 1-024. Petitioner moved to compel further production. Magistrate Judge Copperthite granted the motion in an order dated December 17, 2020. Moag & Company believed Judge Copperthite misunderstood both the record and Moag & Company's compliance. Although Moag & Company believed it had complied with Judge Copperthite's order, it also filed timely objections to the order under Rule 72(a). *See* Ex. 1. Petitioner filed an immediate motion to hold Moag & Company in contempt, which Moag & Company has opposed. The Rule 72(a) objections and the motion for contempt are now pending before Judge Ellen Hollander in the District of Maryland.

On January 15, 2021, without waiting for a ruling from Maryland, Mr. Snyder filed the Petition in this action. He did not notify the Maryland court of his new Petition. (Movants have.) Petitioner seeks an order permitting him to serve a subpoena on Respondent Verizon Communications for "full and unredacted copies" of Movants' phone records. ECF 1, at ¶ 10. These are the same records at issue in the Maryland Rule 72(a) objections. In addition, Petitioner's subpoena seeks "All Documents reflecting Communications" made or received by Movants' telephone accounts, including "text or SMS messages." ECF 1-3, at 9-10.

## ARGUMENT

### A.  Movants are entitled to intervene to protect their interests.

#### 1.  *Movants have a right to intervene under Rule 24(a)*

Under Rule 24(a), on timely motion "the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The rule is "liberally construed" in favor of intervention. *NLRB* v. *Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992); *Donald J. Trump for President, Inc.* v. *Murphy*, 2020 WL 6573382, at *1 (D.N.J. Sep. 23, 2020).

3

"[T]argets of foreign proceedings routinely intervene in § 1782 proceedings." *In re da Costa Pinta*, 2018 WL 6620905, at *6 (S.D. Fla. Aug. 27, 2018) (collecting cases), *report and recommendation adopted* 2018 WL 6620132 (S.D. Fla. Oct. 23, 2018).

Movants have an interest in the transaction that is the subject of this action; namely, Movants' telephone and communications records that are maintained by Respondent Verizon. These records reflect telephone calls that are subject to both personal and professional privacy interests. They would capture calls Mr. Moag made to his spouse and family members, to his friends, to his confidential business associates and prospects, and to others as to whom Petitioner has no legitimate interest in discovering. Moreover, given that Petitioner and Movants' clients are involved in a litigation concerning a business transaction that is unrelated to the India litigation, Movants have ample reason to believe that Petitioner is using compulsory process to obtain information that would be useful to his other endeavors, not to prosecuting his defamation case against an Indian website. *See* Ex. 1, at 1-020 to 1-025. As the Court of Appeals for the Eleventh Circuit has explained:

> We acknowledge that a § 1782 applicant could attempt to abuse the statute to obtain documents outside the discovery procedures set forth in the Federal Rules of Civil Procedure. But it naturally follows from the existence of the third *Intel* factor that this kind of subterfuge is a valid reason to reject a § 1782 application in the first place. Parties concerned in a particular case that a § 1782 applicant is attempting to use foreign litigation as a ruse for obtaining discovery in the United States without complying with the usual procedures of the Federal Rules of Civil Procedure can and should bring evidence of such chicanery to the § 1782 court's attention.

*Glock* v. *Glock, Inc.*, 797 F.3d 1002, 1008-09 (11th Cir. 2015).

In addition, Petitioner's subpoena openly seeks some *contents* of communications (as opposed to "records" of communications). *See* ECF 1, at 9-10. But contents of telephonic and electronic communications are protected by the Stored Communications Act, 18 U.S.C. §§ 2701-

4

12. Federal law makes these records private and bars Respondent from producing at least some of them, even pursuant to a civil subpoena, on pain of criminal liability. *See* 18 U.S.C. § 2702; *PPG Indus., Inc.* v. *Jiangsu Tie Mao Glass Co.*, 273 F. Supp. 3d 558, 560 (W.D. Pa. 2017) (collecting cases for the proposition that "it is plain that the SCA does not provide an exception to its general prohibition on disclosure for civil subpoenas"); *see also Suzlon Energy Ltd.* v. *Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 & nn.5-6 (N.D. Cal. 2012); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008); *Viacom Int'l Inc.* v. *Youtube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008).

In addition, a Petition under 28 U.S.C. § 1782 authorizes discovery "for use" in a foreign action. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017) (requested discovery under § 1782 must be "something that will be employed with some advantage or serve some use in the proceeding"). Section 1782 does not permit unbounded examinations of a witness's affairs, particularly when the witness is not involved in the foreign litigation. *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 245 (2004) ("unduly intrusive or burdensome requests [under § 1782 Petitions] may be rejected or trimmed"); *In re Mesa Power Group, LLC*, 2012 WL 6060941, at *8 (D.N.J. Nov. 12, 2012) (denying discovery requests that were overbroad and unduly intrusive or burdensome). But the subpoena here seeks records of every communication made by Movants for more than a year, the vast bulk of which have nothing whatever to do with Petitioner's defamation action in India. Respondent Verizon has no ability to identify communications that relate to the India defamation action. Movants alone can protect their privacy interests in calls made to persons or entities that have nothing to do with the India action.

For these reasons, Movants have a right to intervene under Rule 24(b)(1).

        2.    *The Court has discretion to grant intervention under Rule 24(b).*

Alternatively, the Court should grant permissive intervention under Rule 24(b). That rule provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Courts have concluded that § 1782 petitions do not have traditional plaintiffs or defendants, so prospective intervenors cannot assert "a claim or defense" as they would in other civil actions. *See In re Application of Sabag*, 2020 WL 3893970, at *1 (S.D. Ind. July 10, 2020). Nevertheless, the "'claim or defense' portion of Rule 24 has, at times, been liberally construed in other courts, particularly when a Section 1782 order is at issue." *Id.* (collecting cases). As in *Sabag*, Movants here have "set forth an articulable, direct, and significant interest" in the discovery sought, and therefore permissive intervention is warranted.

For these reasons, the Court should grant Movants' motion to intervene for the purpose of filing a motion to transfer.

**B.    The Court should transfer this action to the District of Maryland pursuant to 28 U.S.C. § 1404.**

As set forth in 28 U.S.C. § 1404(a),

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Courts can consider factors other than the three listed in the statute (convenience of parties, convenience of witnesses, and interests of justice). *Jumara* v. *State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Of particular relevance here, "In the absence of compelling circumstances to the contrary, an action should be transferred to the district where related actions have been brought, since there is a strong policy favoring the litigation of related claims in the same tribunal." *Unico Indus. Corp.* v. *S.S. Andros City*, 323 F. Supp. 896, 897 (S.D.N.Y. 1971) (citations and quotations

6

omitted); *see also Jolly* v. *Purdue Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) ("The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor."); *American Tel. & Tel. Co.* v. *MCI Comm'ns Corp.*, 736 F. Supp. 1294, 1307 (D.N.J. 1990) ("District courts frequently transfer cases when the record indicates a related action is pending in an appropriate alternative forum.").

Movants' request to transfer meets the mandatory and discretionary test under § 1404(a). First, the § 1782 Petition could have been brought in the District of Maryland. Verizon Communications, Inc., the nominal respondent, is a holding company that does not provide wireless cellular service. Rather, another entity, Cellco Partnership d/b/a Verizon Wireless, provided wireless cellular service to the Movants, and would possess the records, if any, that Petitioner seeks. Cellco Partnership d/b/a Verizon Wireless does business in Maryland and is subject to jurisdiction there. Thus this Petition could have been filed in the District of Maryland.

Indeed, this Court may wonder why it was not. Both the Petitioner and the Movants are Maryland residents so the convenience of parties and witnesses favors a Maryland venue. The District of Maryland, moreover, is familiar with the issues presented by the Petition and is in the midst of adjudicating those identical issues. For that reason, the interests of justice clearly favor transfer. Declining to transfer will waste judicial resources by requiring two courts to adjudicate what is essentially the same claim between the same parties. It will also increase the litigants' expenses—particularly Movants', who have already been subjected to substantial expense notwithstanding their complete noninvolvement in the actual litigation at issue, which is a defamation action pending in India. *See Todd Shipyards Corp.* v. *Cunard Line Ltd.*, 708 F. Supp. 1440, 1447 (D.N.J. 1989) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time,

energy and money that 1404(a) was designed to prevent.") (quoting *Continental Grain Co.* v. *Barge FBL-585*, 364 U.S. 19, 26 (1960)).

For these reasons, the Court should transfer this action to the United States District Court for the District of Maryland, to be consolidated with Case No. 20-cv-02705-ELH.

## CONCLUSION

For the reasons stated, Movants Moag & Company, LLC and John A. Moag Jr. respectfully request that their motion to intervene and transfer be granted.

Dated: Jan. 19, 2021

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ *Roger B. Kaplan*
   ------------------------
Roger B. Kaplan (No. 027461982)
500 Campus Drive, Suite 400
Florham Park, NJ 07932-0677
Tel: (973) 360-7957
Fax: (973) 295-1257
KaplanR@gtlaw.com

Of Counsel:

William J. Murphy*
John J. Connolly*
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
(410) 659-0436 (fax)
wmurphy@zuckerman.com
jconnolly@zuckerman.com

Joe R. Reeder*
Stephen T. Fowler*
GREENBERG TRAURIG, LLP
2101 L Street N.W.
Washington, DC 20037
(202) 331-3100
reederj@gtlaw.com
fowlerst@gtlaw.com

*Attorneys for Movants/Proposed Intervenors Moag & Company, LLC and John A. Moag Jr.*

*Not admitted in New Jersey

*Attorneys for Movants/Proposed Intervenors Moag & Company, LLC and John A. Moag Jr.*
*Not admitted in New Jersey

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Motion to Intervene and Transfer and the accompanying Memorandum in Support were served on counsel of record via ECF and sent by first-class, postage-prepaid mail to Verizon Communications, Inc., One Verizon Way, Basking Ridge, New Jersey, 07920.

*/s/ Roger B. Kaplan*
Roger B. Kaplan