## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of Daniel Snyder for an Order Directing Discovery from Verizon Communications Inc. Pursuant to 28 U.S.C. § 1782 | Case No. 2:21-cv-819-BRM-ESK<br><br>*Motion Returnable:*<br>*February 16, 2021* |

---

## PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE AND TO TRANSFER CASE TO DISTRICT OF MARYLAND

---

**REED SMITH LLP**
*Formed in the State of Delaware*
David Murphy, Esq.
506 Carnegie Center, Suite 300
Princeton, NJ, 08540
dmurphy@reedsmith.com

Jordan W. Siev
*(Pro Hac Vice Motion Forthcoming)*
599 Lexington Avenue, 22nd Floor
New York, NY 10022
jsiev@reedsmith.com

*Attorneys for Petitioner Daniel Snyder*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................1

COUNTERSTATEMENT OF  RELEVANT FACTS AND
    PROCEDURAL HISTORY ...........................................5

LEGAL ARGUMENT ......................................................................6

  I.    MOVANTS LACK A LEGAL BASIS TO INTERVENE IN
      THIS ACTION AND SEEK ONLY TO OBSTRUCT
      PETITIONER'S RIGHTS........................................6

      A.    Movants Fail to Satisfy the Requisite Standard to
          Intervene As of Right.................................6

          i.    Movants Are Not the Defendants in the Indian
              Proceedings.....................................7

          ii.    Movants Do Not And Cannot Point To A
              Protectable Interest In Petitioner's Right to
              Seek Discovery From Verizon .........................8

      B.    The Court Should Not Grant Permission For Movants
          To Intervene Because Movants Seek Only To Delay
          And Prejudice Petitioner's Right To Obtain The
          Documentation Sought In The Subpoena ................10

          i.    Movants Fail to Demonstrate a Shared Question
              of Fact or Law With the Indian Proceedings.................10

          ii.    Allowing Movants to Intervene Would Unduly
              Delay and Prejudice Petitioner's Rights........................11

  II.    THE PROCEEDING SHOULD NOT BE TRANSFERRED
      TO THE MARYLAND COURT BECAUSE THE
      DISTRICT OF NEW JERSEY IS THE MORE
      APPROPRIATE VENUE ...................................12

      A.    Standard of Review.................................13

      B.    Movants Fail to Satisfy the Criteria for Transferring
          this Action ........................................15

CONCLUSION ..........................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                          **Page(s)**

*In re Application of Sabag,*
  2020 WL 3893970 (S.D. Ind. July 10, 2020) .................................................. 11

*In re Bayer AG,*
  146 F.3d 188 (3d Cir. 1998) ........................................................... 4, 15

*Brody v. Spang,*
  957 F.2d 1108 (3d Cir. 1992) ............................................................. 6

*In re da Costa Pinta,*
  2018 WL 6620905 (S.D. Fla. Aug. 27, 2018), *report and recommendation
  adopted,* 2018 WL 6620132 (S.D. Fla. Oct. 23, 2018) ....................................... 7

*Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.,*
  54 F.3d 156 (3d Cir. 1995) .............................................................. 6

*Hoffer v. InfoSpace.com, Inc.,*
  102 F. Supp. 2d 556 (D.N.J. 2000) ..................................................... 13

*Jumara v. State Farm Ins.,*
  55 F.3d 873 (3d Cir. 1995) ......................................................... 13, 14

*Kleissler v. U.S. Forest Service,*
  157 F.3d 964 (3d Cir. 1998) ............................................................. 6

*Lawrence v. Xerox Corp.,*
  56 F. Supp. 2d 442 (D.N.J. 1999) ...................................................... 14

*LG Elecs. Inc. v. First Int'l Computer,*
  138 F. Supp. 2d 574 (D.N.J. 2001) ..................................................... 14

*Liberty Mut. Ins. Co v. Treesdale, Inc.,*
  419 F.3d 216 (3d Cir. 2005) ............................................................. 8

*In re Mesa Power Grp., LLC,*
  No. 2:11-MC-270-ES, 2013 WL 1890222 (D.N.J. Apr. 19, 2013) .............. 4, 15

*Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*,
  72 F.3d 361 (3d Cir. 1995) ................................................................ 6

*Reckitt Benckiser Pharm., Inc. v. BioDelivery Scis. Int'l, Inc.*,
  No. 14-5892 (MAS) (TJB), 2015 U.S. Dist. LEXIS 94891 (D.N.J. July 20,
  2015) ................................................................................................. 13

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ............................................................... 13

**Statutes**

28 U.S.C. § 1404(a) .............................................................................. 13

28 U.S.C. § 1782 ............................................................................... *passim*

**Rules**

Fed. R. Civ. P. 24(a) ............................................................................ 6

Fed. R. Civ. P. 24(b)(1)(B) ................................................................. 10

Fed. R. Civ. P. 24(b)(3) ................................................................. 10, 12

## **PRELIMINARY STATEMENT**

Petitioner Daniel Snyder ("Petitioner") respectfully submits this Opposition to movants Moag & Company, LLC's and John A. Moag, Jr.'s (collectively, the "Movants") motion to intervene and to transfer this proceeding to the United States District Court for the District of Maryland (the "Motion").

Movants' demand to intervene in this action represents yet another attempt to re-argue their failed objections to the disclosure of their phone records from Verizon Communications Inc. ("Verizon" or "Respondent"). The United States District Court for the District of Maryland (the "Maryland Court") already rejected those arguments by ordering Movants to produce those records in unredacted form, and expressly holding that Movants waived the right to assert the very same privacy objections they raise here.[1] As detailed in the underlying Petition, Movants' continued defiance of the Maryland Court's order to produce these documents forced Petitioner to seek the records directly from Movants' phone carrier, Verizon, through this proceeding. Movants cannot seek to take a second bite at the apple by intervening in this action to further obstruct Petitioner from obtaining the documents to which he is entitled.

---

[1] A copy of the Maryland Court Order is annexed as Exhibit C to the Declaration of David G. Murphy, dated January 15, 2021, submitted in support of the underlying Petition. *DE 2-1, DE 2-4*.

Movants fail to identify any facts or legal precedent that would justify their intervention in this proceeding, either as of right or under the Court's permissive powers. Instead, Movants use their filing to publicly assert speculation and defamatory personal claims about Petitioner, the same tactic they unsuccessfully – and improperly – relied on in the Maryland Court proceeding, and for which a motion for sanctions is currently pending.

*First*, Movants fail to satisfy the necessary criteria to intervene as of right. Contrary to their arguments, Movants are not the "targets" of the Indian Proceeding in aid of which Petitioner seeks discovery through this Section 1782 proceeding, but rather custodians of documents that Movants admit contain responsive information.  Likewise, Movants fail to identify any valid protectable interest that would be harmed absent their intervention in this proceeding.  The Maryland Court already has found that Movants waived the right to assert confidentiality and privacy objections – the same "interests" that they vaguely and speculatively assert would be harmed here absent their intervention.  Movants' further attempt to argue – again without any basis whatsoever – that Petitioner is attempting to abuse the discovery process to somehow benefit himself professionally and personally, is entirely without support or merit.  Petitioner is using Section 1782 precisely as designed – to support discovery in aid of his Indian Litigation.  Every one of the five (5) United States District Courts to rule on

Petitioner's 1782 applications to date has agreed.  In sum, Movants fail to establish their right to intervene in this proceeding.

*Second*, Movants likewise fail to establish their entitlement to intervene in this proceeding under the Court's discretionary powers.  Movants again confuse the case law on this issue by arguing that they have a common defense shared with the main action, as required to satisfy the permissive intervention rule, but ignore the fact that the "main action" central to the standard of review is the foreign litigation for which discovery is sought – here, the Indian Action.  Movants do not, and cannot, argue that Petitioner seeks to use the discovery sought from Verizon in order to assert claims against Movants themselves, who admittedly are not parties to the Indian Action.  Thus, Movants are not entitled to intervene pursuant to the Court's discretionary powers.

Movants' attempt to intervene as of right or under the permissive standard is further improper as doing so would cause further delay and prejudice to Petitioner's rights.  Movants already have stalled and obstructed Petitioner's ability to collect the documents at issue herein, even after the Maryland Court ordered Movants to produce them in unredacted form.  If Movants are permitted to intervene in this proceeding and futilely seek to raise the same failed arguments as they did in the Maryland Court, Petitioner will be further delayed in receiving the

requested discovery – thus prejudicing Petitioner's ability to litigate the Indian Action.

*Third*, as to Movants' motion to transfer this proceeding to the Maryland Court and consolidate it with the currently pending Section 1782 application against Movants, this too fails. Movants' threadbare basis for requesting a transfer is that (1) they disagree with Petitioner's choice to seek the requested discovery from Verizon Communications, Inc. – a corporation with its principal place of business in Basking Ridge, New Jersey, and thus found within this District; and (2) allowing Petitioner to seek this discovery, to which the Maryland Court already has ruled Petitioner is entitled and which Movants' own obstruction has prevented Petitioner from receiving, would cause Movants additional expenses and waste judicial resources. Neither of these arguments provides a valid basis to transfer this action.

Notably, Movants cannot dispute that Respondent has its principal place of business in this District. This should effectively end the inquiry on this point, as a Section 1782 petition is properly lodged where the person from whom discovery is sought resides or is found. *See In re Mesa Power Grp., LLC,* No. 2:11-MC-270-ES, 2013 WL 1890222, at *3 (D.N.J. Apr. 19, 2013) (quoting *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

Likewise, Movants' argument that allowing this action to proceed in this Court would increase the litigants' expenses is baseless.  This Section 1782 proceeding was filed solely due to Movants' ongoing refusal to comply with the Maryland Court's order compelling them to produce the unredacted phone records that Petitioner now seeks from Verizon.  Movants cannot rely on their own obstruction and sanctionable conduct in the Maryland Court as a basis for arguing that Petitioner's filing this action somehow causes Movants additional expenses.

Therefore, for the reasons discussed in detail herein, Petitioner respectfully requests that Movants' motion to intervene and to transfer be denied in its entirety, and that the relief sought in the underlying Petition pursuant to 28 U.S.C. § 1782 be granted.

## COUNTERSTATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner respectfully refers the Court to his Petition and the Declaration of David G. Murphy, dated January 15, 2021, in the underlying Section 1782 proceedings for a full and complete statement of the relevant facts and procedural history governing Petitioner's request for documents from respondent Verizon.[2]

---

[2] While Movants filed Rule 72(a) objections in the Maryland proceedings (*DE 3-1*, Motion at 1), they did not seek or obtain a stay, the Maryland Court's order remains in full force and effect, and Petitioner's entitlement to the requested documents is unchanged.

- 5 -

## LEGAL ARGUMENT

I.   **MOVANTS LACK A LEGAL BASIS TO INTERVENE IN THIS ACTION AND SEEK ONLY TO OBSTRUCT PETITIONER'S RIGHTS**

Motions to intervene are governed by Federal Rule of Civil Procedure 24. Generally, there are two paths to intervention – as of right or within the Court's discretion. Movants are not entitled to intervention as of right, nor should this Court permit Movants to interfere with Petitioner's application.

### A.   **Movants Fail to Satisfy the Requisite Standard to Intervene As of Right**

In order to prevail on a motion to intervene *as of right* under Fed. R. Civ. P. 24(a), the movant must demonstrate each of the following elements: that (1) the motion is timely; (2) he or she has a sufficient interest in the litigation; (3) the disposition of the suit will impair or affect that interest; and (4) the interest is not adequately represented by the existing parties. *See, e.g., Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998); *Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995); *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 161-62 (3d Cir. 1995); *Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992). Movants fail to satisfy these elements.

###### i.        Movants Are Not the Defendants in the Indian Proceedings

Although Movants argue that they should be entitled to intervene as of right in Petitioner's application because "[t]argets of foreign proceedings routinely intervene in § 1782 proceedings," (*DE 3-1*, Motion at 3-4), Movants fail to meet this criteria.  Here, the actual "targets" of the foreign proceedings at issue are the defendants in the Indian Action – which do not include either Moag & Co. or Mr. Moag.  Indeed, Movants later concede "their complete noninvolvement in the actual litigation at issue, which is a defamation action pending in India." (*DE 3-1*, Motion at 7).

Moreover, the purpose of obtaining the requested discovery from Verizon, and from Movants in the Maryland proceeding which they likewise have obstructed, is to aid Petitioner in adjudicating his defamation claims against the authors, publishers and affiliated entities and individuals who published the Defamatory Articles (as defined in the Petition) – not to bring independent claims against Movants.[3]  As explained in the underlying petition, Movants' phone records are relevant to Petitioner's defamation claims in that Movants

---

[3] This distinction renders inapposite Movants' reliance on *In re da Costa Pinta*, 2018 WL 6620905, at *6 (S.D. Fla. Aug. 27, 2018), *report and recommendation adopted*, 2018 WL 6620132 (S.D. Fla. Oct. 23, 2018).  Not only is that case not binding precedent, but the movant in that matter – unlike here – was the anticipated defendant in foreign proceedings and sought to protect against the disclosure of attorney-client privileged documents for use in that foreign proceeding.  Movants have no such valid interest or involvement in the Indian Action here.

demonstrated advance knowledge of the publication of those Defamatory Articles, and Petitioner seeks to identify whether Movants communicated with certain known individuals who were involved in the underlying corrupt misinformation campaign that led to the publication of those defamatory Articles.  Movants do not deny that they were in communication with at least some of these individuals, yet refuse to produce their full and complete phone records for the relevant time period.

Movants' admitted lack of involvement in the Indian Proceeding is a critical deficiency in Movants' argument that they are entitled to intervene as of right.

> **ii.     Movants Do Not And Cannot Point To A Protectable Interest In Petitioner's Right to Seek Discovery From Verizon**

To justify intervention as of right, the movant must have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable" and must be "a legal interest as distinguished from interests of a general and indefinite character."  *Liberty Mut. Ins. Co v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal citations omitted).

Here, Movants argue unsuccessfully that their personal and professional privacy interests would be impaired if they cannot intervene in this Section 1782 proceeding (*DE 3-1*, Motion at 4).  However, Movants themselves waived all rights to object to the disclosure of their phone records by failing to timely seek a

protective order or to quash Petitioner's subpoena against them in the Maryland Section 1782 application, which sought the very same records that Petitioner now seeks from Verizon.  The Maryland Court explicitly rejected this same argument by Movants in granting Petitioner's motion to compel over Movants' objections. *See DE 2-4* (*Murphy Decl.*, Ex. C) at 2 (holding that Moag & Co. "failed to timely file a motion to quash or a motion for a protective order" and "lacks the basis to untimely now challenge the requested discovery.").  Thus, Movants are effectively seeking a do-over in this Court by re-asserting the same failed arguments as they made before the Maryland Court, this time in the hopes of intervening in this action.  Further, any privacy interest can easily be dealt with in a protective order.

Additionally, Movants' wholly unsupported claim that they purportedly "have ample reason to believe that Petitioner is using compulsory process to obtain information that would be useful to his other endeavors, not to prosecuting his defamation case against an Indian website," (*DE 3-1*, Motion at 4), has no basis in reality and is yet another example of Movants using the litigation process in order to publicly malign Petitioner.  Indeed, Movants do not – and cannot – cite to any proof to support this speculative claim other than Mr. Moag's own improper and harassing declaration in the Maryland action, which Petitioner has moved to have stricken from the record on the grounds that it was submitted for the sole purpose of asserting false and defamatory claims against Petitioner.  Indeed, as noted, all

five (5) courts to consider Petitioner's requests for Section 1782 discovery have granted the requested relief.

**B.   The Court Should Not Grant Permission For Movants To Intervene Because Movants Seek Only To Delay And Prejudice Petitioner's Right To Obtain The Documentation Sought In The Subpoena**

If a party fails to meet the requirements of Rule 24(a) to intervene as a matter of right – which Movants fail to do – that party nonetheless may seek permission to intervene under subsection (b).   Rule 24(b)(1)(B) allows for permissive intervention where the movant "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Whether to allow a party to permissively intervene is left to the sound discretion of the Court.   "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

**i.   Movants Fail to Demonstrate a Shared Question of Fact or Law With the Indian Proceedings**

Movants do not argue that they are entitled to intervene pursuant to any Federal statute, nor do they demonstrate a viable question of law or fact that is shared with the main action – namely, the Indian Proceeding.  Thus, they are not entitled to permissive intervention.

Movants' attempt to argue that the "'claim or defense' portion of Rule 24" should be construed so liberally as to effectively delete it from the statute is unavailing.  Movants rely heavily on the non-binding Southern District of Indiana decision in *In re Application of Sabag*, 2020 WL 3893970, at *1 (S.D. Ind. July 10, 2020), as well as the cases cited therein, for the principle that permissive intervention requires only "'an articulable, direct, and significant interest' in the discovery sought" (*DE 3-1*, Motion at 6).  However, Movants ignore the fact that the prospective intervenors in *In re Application of Sabag*, as well as each of the cited cases therein, were the actual or prospective defendants in the foreign proceedings for which discovery was sought and, as a result, shared common defenses with the main actions.  *See id*.  As discussed *supra*, Movants are completely uninvolved in the Indian Action, and the documents sought from Verizon are not intended for use against Movants in any legal proceedings. Accordingly, Movants fail to satisfy the criteria for permissive intervention in this Section 1782 application.

> ii.   **Allowing Movants to Intervene Would Unduly Delay and Prejudice Petitioner's Rights**

Having already defied the Maryland Court by refusing to produce their unredacted Verizon phone records after being compelled to do so, Movants now seek to further delay and obstruct Petitioner from obtaining the necessary documentation here.  Petitioner commenced his original Section 1782 application

against Movants in the Maryland Court in September 2020, and due to Movants' obstructive tactics, is still fighting to enforce the Maryland Court's orders nearly five months later.  Given Movants' unwillingness to produce these documents to which the Maryland Court already has ruled Petitioner is entitled, permitting Movants to intervene in this proceeding in order to re-argue the same failed claims as in the Maryland Court – which Movants already are doing via this Motion – would be a waste of the Court's and Petitioner's time and resources, and would unfairly prejudice Petitioner from obtaining the documents to which he is entitled in a timely manner.  These factors weigh decisively against permitting Movants to intervene in this proceeding.  *See* Fed. R. Civ. P. 24(b)(3).

Accordingly, for the reasons discussed herein, Movant's Motion should be denied in its entirety, as they are not entitled to intervene in this proceeding as of right or under the permissive factors of Rule 24.

## II.    THE PROCEEDING SHOULD NOT BE TRANSFERRED TO THE MARYLAND COURT BECAUSE THE DISTRICT OF NEW JERSEY IS THE MORE APPROPRIATE VENUE

In yet another attempt to obstruct and delay Petitioner's ability to obtain the requested discovery, Movants further attempt to supersede Petitioner's choice of forum and transfer this action unnecessarily to the Maryland Court.  In doing so, Movants attempt to impose their own illusory wishes for convenience over the interests of the Petitioner and Respondent.  For the reasons discussed herein,

Movants' application should be denied and this proceeding should remain in this Court.

### A.    Standard of Review

The decision to transfer a civil action pursuant to 28 U.S.C. § 1404(a) is left to the sound discretion of the district court.  The court may transfer the matter to another district where venue would have been proper "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995).  The party seeking transfer bears the heavy burden of establishing that the transfer is necessary, and the Third Circuit has noted that a "plaintiff's choice of venue should not be lightly disturbed."  *Jumara*, 55 F.3d at 879.  The moving party must "show the proposed alternative forum is not only adequate, but also more appropriate than the present forum."  *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 572 (D.N.J. 2000).

In deciding whether to transfer the action, the court engages in a two-part analysis.  *Reckitt Benckiser Pharm., Inc. v. BioDelivery Scis. Int'l, Inc.*, No. 14-5892 (MAS) (TJB), 2015 U.S. Dist. LEXIS 94891, at *5 (D.N.J. July 20, 2015).  As a threshold issue, the court must determine whether the action could have been properly brought in the transferee district.  *Id.* at *6; *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).  The movant must demonstrate "the propriety of venue in the transferee district and jurisdiction over all of the

defendants." *LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).   After the court determines that jurisdiction and venue would be proper in the transferee district, the court must evaluate two broad categories of factors identified by the Third Circuit Court of Appeals. *Jumara*, 55 F.3d at 879-80.

The first category comprises of considerations relevant to the private interests of the litigants, including: (1) "plaintiff's forum preference"; (2) "defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses"; and (6) "the location of books and records".   *Id.* at 879 (internal citations omitted).   The second category includes the public's interests in a fair and efficient administration of justice, such as: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases."   *Id.* at 879-80 (internal citations omitted).   The list of public and private factors is not exhaustive, and the analysis should be based on the unique facts of each case. *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 449 (D.N.J. 1999).

### B.    Movants Fail to Satisfy the Criteria for Transferring this Action

Movants' arguments in support of transferring this proceeding to the Maryland Court ring hollow and fail to meet the requisite standards.  While many of the standard discretionary factors are not applicable in this simple discovery proceeding, it is worth noting that the Petition was properly filed in this District under Section 1782 as Respondent's principal place of business is in Basking Ridge, New Jersey and, thus, Respondent resides within this District.  *See In re Mesa Power Grp., LLC*, 2013 WL 1890222, at *3 (*quoting In re Bayer AG*, 146 F.3d at 193 (3d Cir. 1998)) (noting that a required element in granting a Section 1782 application is that "the person from whom discovery is sought resides or is found in the [District of New Jersey]").  Additionally, there is no additional burden on any party in producing or receiving the records electronically in response to a subpoena from this Court as opposed to in response to a subpoena from the Maryland Court.  Notably, no deposition is being sought at this time, so the convenience of witnesses is not at issue.  Finally, contrary to Movants' argument, the Maryland Court is not "in the midst of adjudicating those identical issues" (*DE 3-1*, Motion at 7), as the Maryland Court *already* has granted Petitioner's Section 1782 application and ruled in favor of Petitioner on his specific entitlement to the documents requested herein, and Movants have not been granted a stay of enforcement pending their meritless objections.  Thus, the pendency of any

remaining motion practice in the Maryland Court does not impact this Court's ability to rule on Petitioner's Section 1782 application.

Further, to the extent that Movants object to the particular Verizon corporate entity on which Petitioner seeks to serve a subpoena (*DE 3-1*, Motion at 7), such arguments are procedurally improper. Petitioner's application seeks permission from this Court to serve a subpoena on the named Verizon entity; Movants are not entitled to assert responses or objection to a subpoena that has not yet been issued via a motion to intervene and transfer.

Finally, Movants' arguments that allowing the underlying Section 1782 proceeding to advance in this Court, rather than the Maryland Court, will waste judicial resources and increase Movants' own expenses lacks credibility. Movants made the unilateral decision to file this superfluous and time-wasting motion here, and have a long history of similarly wasting judicial resources in the Maryland Court during the course of those proceedings. Moreover, the only reason Petitioner was forced to seek the requested documents from Verizon directly through this proceeding was due to Movants' ongoing defiance of the Maryland Court's order compelling them to produce unredacted versions of those documents. Accordingly, Movants' complaints about their "substantial expense[s]" are entirely of their own making, and not a factor that weighs in favor of transferring this proceeding.

## <u>CONCLUSION</u>

For all of the reasons stated herein, Petitioner Daniel Snyder respectfully request that the Court deny Moag & Company, LLC and John A. Moag, Jr.'s Motion to Intervene and to Transfer Case to District of Maryland, with costs.


**REED SMITH LLP**

Dated:  February 2, 2021          */s/ David G. Murphy*
                                  David G. Murphy